IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH GRANT McHENRY,

    Plaintiff,                      No. CIV S-03-1573 DFL DAD P

    vs.

DR. VAN C. VONG, et al.,

    Defendants.               <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action. Plaintiff has filed his second motion to reinstate his claims against defendant Vong and his third motion for appointment of counsel.

        Pursuant to plaintiff's service instructions, the United States Marshal attempted to serve defendant Vong at San Quentin State Prison but was informed by CDC personnel that they were unable to identify the defendant. Plaintiff's claims against defendant Vong were dismissed without prejudice on June 10, 2004, after plaintiff failed to provide additional information for service of the defendant. In his first motion to reinstate his claims against defendant Vong, plaintiff asserted that he had learned that defendant Vong was still working for the CDC at CSP-Sacramento. Plaintiff's motion to reinstate claims was denied in the absence of any evidence that defendant Vong was working at CSP-Sacramento at that time.

1

In his renewed motion to reinstate dismissed claims, plaintiff explains that he provided the San Quentin address for service of defendant Vong on the basis of the Marshal's attempts to serve defendant Vong in plaintiff's first lawsuit against the defendants in this case. Plaintiff cites the fact that in January 2003, the Marshal first attempted to serve defendant Vong at CSP-Sacramento but was informed on February 26, 2003, that no one named Vong worked at CSP-Sacramento, and then attempted to serve defendant Vong at San Quentin. In support of his belief that defendant Vong is employed at CSP-Sacramento and has been employed there continuously since 2001, plaintiff offers a declaration by Richard B. Russell, a private individual who describes himself as an interested third party.

Declarant Russell states that he placed a telephone call to CSP-Sacramento on August 2, 2004, and was informed by an unknown employee "that Vong was employed at that prison" and she believed "that Vong had been assigned to CSP-S for the entire time" between January 2001 and August 2, 2004; declarant's call was transferred "to the area of the prison where Vong was located"; a second unknown employee answered and informed declarant that "Vong was unavailable and would have to return my call later that day"; declarant left his name and telephone number and the message that he "wished to discuss the McHenry action"; declarant did not receive a return call and telephoned CSP-Sacramento again on August 3, 2004; an unknown employee informed declarant that a message would be taken and passed on to "Vong"; declarant provided his name, telephone number, and reason for calling; as of November 9, 2004, "Vong" had not returned declarant's calls; declarant is "satisfied, based on the aforementioned conversations with CSP-S, that Vong is employed at CSP-S and has been there during the existence of the instant action"; declarant is willing to provide a copy of his telephone bill for in camera review.

The court is not satisfied that defendant Dr. Van C. Vong is employed at CSP-Sacramento now or that he was employed there continuously from 2001 to August 2004. While declarant Russell's telephone calls indicate that a person named Vong was employed at the

institution on August 2 and 3, 2004, declarant's conversations concerning "Vong" do not show that the person employed at CSP-Sacramento in August 2004 was Dr. Van C. Vong or that Dr. Van C. Vong was employed there in February 2003 when the Marshal was told that no one named Vong worked at CSP-Sacramento. The declaration offered by plaintiff does not provide a basis for reinstating plaintiff's claims against defendant Dr. Van C. Vong and requiring the Marshal to attempt service on this defendant once again at CSP-Sacramento. At this late stage of the litigation, plaintiff's motion will be denied with prejudice.

Plaintiff's first and second motions for appointment of counsel were filed on August 18, 2003 and July 30, 2004, and were denied by orders filed on August 22, 2003, and August 4, 2004, respectively. The order filed August 22, 2003, was affirmed by the district judge on September 26, 2003. Having considered plaintiff's third motion and supporting declaration, the court does not find the required exceptional circumstances. The motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 10, 2004 second motion to reinstate Dr. Van C. Vong as a defendant is denied; and

2. Plaintiff's February 1, 2005 third motion for the appointment of counsel is denied.

DATED: August 24, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
mche1573.31t