IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH GRANT McHENRY,

    Plaintiff,                    No. CIV S-03-1573 DFL DAD P

    vs.

DR. VAN C. VONG, et al.,

    Defendants.              <u>ORDER TO SHOW CAUSE</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action. Defendant Pliler was dismissed from this action by order filed September 26, 2003, and defendant Vong was dismissed by order filed June 10, 2004. Defendant Brown, the sole remaining defendant, has filed a timely motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion.

        The court's order filed October 1, 2003, provides that all motions for summary judgment "shall be briefed pursuant to Local Rule 78-230(m)" and that "[f]ailure to oppose such a motion timely may be deemed a waiver of opposition to the motion." (Order filed Oct. 1, 2003, at 3.[1]) The order provides extensive information about the requirements for opposing a motion

---

[1] The October 1, 2003 order instructed the Clerk of the Court to serve upon plaintiff a copy of the Local Rules of Court. (Order filed Oct. 1, 2003, at 5.)

1

for summary judgment made by defendants pursuant to Rule 56 of the Federal Rule of Civil Procedure. (Id. at 4-5.)

Local Rule 78-230(m) provides that any opposition to the granting of a motion filed in a prisoner case "shall be served and filed with the Clerk by the responding party not more than eighteen (18) days, plus three (3) days for mailing or electronic service, after the date of service of the motion." Local Rule 78-230(m). Defendant Brown's motion for summary judgment includes a declaration of service that reflects mail service of the motion on March 24, 2006. In accordance with Local Rule 78-230(m), plaintiff was required to file any opposition to defendant's motion within eighteen days, plus three for mail service, after March 24, 2006. Pursuant to the mailbox rule applicable to prisoner filings, plaintiff was required to deliver his opposition to prison officials for mailing to the court and defendant's counsel on or before April 14, 2006. Plaintiff's opposition is more than two weeks overdue.

Plaintiff will be granted eighteen days, plus three for the mail service of this order, to file and serve a declaration under penalty of perjury in which he shows good cause for his failure to respond to defendant Brown's motion as required by the court's October 1, 2003 order and Local Rule 78-230(m). Plaintiff's declaration must be accompanied by his opposition or a statement of non-opposition to defendant Brown's motion for summary judgment. Plaintiff's failure to respond to this order in a timely manner will result in a recommendation that the district judge dismiss this action with prejudice on the basis of plaintiff's failure to comply with court orders and applicable rules. See Local Rule 11-110.

IT IS ORDERED that:

1. Plaintiff shall file and serve, within twenty-one days after the date on which this order is signed, a declaration under penalty of perjury in which he shows good cause for his failure to respond to defendant Brown's motion for summary judgment filed March 24, 2006; plaintiff's declaration must be accompanied by his opposition or statement of non-opposition to defendant's motion for summary judgment;

2. If plaintiff files opposition to defendant's motion for summary judgment, defendant's reply shall be filed and served in accordance with Local Rule 78-230(m); and

3. Plaintiff's failure to file a timely response to this order will result in a recommendation that the district judge dismiss this action with prejudice on the basis of plaintiff's failure to comply with court orders and applicable rules.

DATED: May 2, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
mche1573.osc

3