IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH GRANT McHENRY,

    Plaintiff,                              No. CIV S-03-1573 DFL DAD P

    vs.

DR. VAN C. VONG, et al.,

    Defendants.                  <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se. On March 24, 2006, Correctional Officer Brown, the sole remaining defendant in the case, filed a motion for summary judgment. On May 2, 2006, the court ordered plaintiff to show good cause for his failure to respond to the motion. Plaintiff was ordered to submit any opposition with his response to the order.

        Plaintiff has filed a timely response to the court's order to show cause, together with opposition to defendant's motion, a statement of undisputed facts, and a statement of disputed facts. Upon consideration of plaintiff's declaration, the court finds good cause to discharge the order to show cause and permit plaintiff to proceed.

        Local Rule 56-260 requires that

> [a]ny party opposing a motion for summary judgment or summary adjudication **shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed**

1

> **and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial.** The opposing party **may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment** or adjudication. The opposing party shall be responsible for the filing with the Clerk of all evidentiary documents cited in the opposing papers.

Local Rule 56-260(b) (emphasis added).

Under Local Rule 56-260(b), a party opposing summary judgment has an affirmative burden to identify the disputed issues of material fact and the evidence that demonstrates the existence of a dispute. The court is "not required to comb the record to find some reason to deny a motion for summary judgment," and any evidence a party wants the court to consider for a specific purpose should be brought to the attention of the court. Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1029-31 (9th Cir. 2001). See also Schneider v. TRW, Inc., 938 F.2d 986, 990 n.2 (9th Cir. 1991) ("[A] district court is under no obligation to mine the full record for issues of triable fact."); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1545 (9th Cir. 1988) (affirming summary judgment where a local rule and court admonition plainly required the opposing party to make a specific factual showing in its opposition, without regard to whether genuine issues of fact existed somewhere in the record).

Plaintiff's opposition to defendant's summary judgment motion is defective because plaintiff has not (1) reproduced the 42 facts itemized in defendant's statement of undisputed facts, (2) admitted each fact that he does not dispute, (3) denied each fact that he disputes, and (4) included with each denial a citation to a specific document that supports his denial. Plaintiff's statement of disputed facts is also defective because it does not cite the source of the dispute in the record.

/////

Plaintiff will be required to supplement his opposition by filing a document titled "Plaintiff's Admissions and Denials of Defendant's Statement of Undisputed Facts." Plaintiff must reproduce each of defendant's 42 facts and state whether he admits or denies each one. If he denies a fact, he must either cite to evidence already in the record or attach new evidence that supports his denial. A fact disputed by plaintiff without any citation to supporting evidence will be deemed admitted.

Plaintiff's defective statement of disputed facts will not be considered by the court in ruling on defendant's motion. If plaintiff chooses, he may file a document titled "Plaintiff's Amended Statement of Disputed Facts," with citations to documents in the record that support the existence of a dispute.

Before preparing the supplemental filings required or permitted by this order, plaintiff is advised to refer to the order filed in this action on October 1, 2003. Pages 4 and 5 of the order contain information about the requirements for opposing a defendant's motion for summary judgment, with particular emphasis on the ways in which plaintiff may show proof of his claims. In his opposition to defendant's motion, plaintiff complains that the defendant has only provided excerpts of plaintiff's January 18, 2006 deposition as documentary evidence in support of defendant's motion.[1] Plaintiff states that he is indigent and unable to afford a copy of the deposition transcript, "which does not allow him to review other parts of the DT which may be beneficial to his opposition arguments," and that he should be afforded the same opportunity to cite the deposition transcript as defendant. Plaintiff's contention lacks merit. The testimony in question was plaintiff's own, and any testimony plaintiff gave during his deposition can be given in a declaration under penalty of perjury.

Due to the delay caused by plaintiff's failure to file timely opposition and his failure to comply with Local Rule 56-260(b), the court finds it necessary to vacate the dates set

---

[1] Defendant lodged the complete original deposition transcript with the court, in accordance with Local Rule 5-133(j).

for plaintiff's pretrial statement, defendant's pretrial statement, final pretrial conference, and jury trial. Defendant's motion must be resolved before a pretrial conference can be conducted, and the case cannot go to trial until a final pretrial order has been issued. The pending dates will be vacated at this time and will be re-set at a later time, as appropriate.

        Accordingly, IT IS ORDERED that:

        1. This court's May 2, 2006 order to show cause is discharged;

        2. Plaintiff shall file and serve, within thirty days from the date of this order, a document titled "Plaintiff's Admissions and Denials of Defendant's Statement of Undisputed Facts"; plaintiff must reproduce each of defendant's facts and state whether he admits or denies the fact; if he denies a fact, he must cite evidence in the record or attach new evidence that supports the denial;

        3. Plaintiff may file and serve, within thirty days from the date of this order, a document titled "Plaintiff's Amended Statement of Disputed Facts," with citations to documents in the record that support the existence of a dispute;

        4. Any reply by defendant shall be filed and served within fifteen days after plaintiff serves his supplemental documents;

        5. Pretrial conference set for August 18, 2006, plaintiff's July 28, 2006 deadline for filing a pretrial statement, and defendant's August 11, 2006 deadline for filing a pretrial statement are vacated; and

        6. Jury trial set for November 13, 2006, before the Honorable David F. Levi in Courtroom 7 is vacated.

DATED: July 24, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
mche1573.supp

4